IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

MICHAEL ROBERT BENBOW, )
)
    Plaintiff, )
)
v. )   Civil Action No. 3:23-cv-34–HEH
)
RICHMOND CITY JAIL, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
### (Dismissing Action Without Prejudice)

Plaintiff Michael Robert Benbow ("Plaintiff"), a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. By Memorandum Order entered on June 30, 2023, and again on August 8, 2023, the Court directed Plaintiff to file a particularized complaint and provided detailed instructions to follow. (ECF Nos. 16, 19.) The Court explained that Plaintiff did not identify the particular constitutional right that was violated by Defendants' conduct and that Plaintiff's current allegations also failed to provide each Defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court further explained that the "particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord." (Mem. Order at 2, ECF No. 19.)

The Court received Plaintiff's Particularized Complaint on September 8, 2023. (ECF No. 21.) By Memorandum Order entered on September 20, 2023, and again on

October 19, 2023,[1] the Court noted the deficiencies in the Particularized Complaint. (ECF Nos. 22, 25.) The Court explained that in the Particularized Complaint, Plaintiff provided a list of Defendants, but only noted that they "violated [his] human rights." (Particularized Compl. at 1.) The submission contained insufficient facts to explain why each Defendant was liable and Plaintiff did not identify the particular constitutional right that was violated by Defendants' conduct. Moreover, the Court explained that neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" were persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13-8-CMC-BHH, 2013 WL 526887, at *2–3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, No. 99-6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming the district court's determination that Piedmont Regional Jail is not a "person" under § 1983).

Accordingly, the Court directed Plaintiff to submit a second particularized complaint within thirty (30) days of the date of entry thereof. The Court warned Plaintiff that the failure to submit a second particularized complaint would result in the dismissal of the action.

---

[1] The Court originally directed Plaintiff to file a Second Particularized Complaint by Memorandum Order on September 20, 2023. However, on October 18, 2023, the United States Post Office returned the Memorandum Order as undeliverable. (ECF No. 23.) The same day Plaintiff updated his address with the Court. (ECF No. 24.) Accordingly, for a second time, the Court ordered Plaintiff to file a second particularized complaint.

3

More than thirty (30) days have elapsed since the entry of the October 19, 2023 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise respond to the October 19, 2023 Memorandum Order. Accordingly, this action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Final Order will accompany this Memorandum Opinion.

                                                                 /s/
                                    Henry E. Hudson
                                    Senior United States District Judge

Date: Dec. 13, 2023
Richmond, Virginia